JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-0554 JGB (SHKx)** | Date | July 30, 2025 |
|---|---|---|---|
| Title | *Edjuana Hall v. Walgreen Co. et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 13) and (2) VACATING the August 4, 2025 Hearing (IN CHAMBERS)**

     Before the Court is a motion to remand filed by Plaintiff Edjuana Hall ("Plaintiff" or "Hall"). ("Motion," Dkt. No. 13.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion. The hearing on August 4, 2025 is **VACATED**.

## I.     BACKGROUND

     On December 23, 2024, Plaintiff filed a complaint in San Bernardino County Superior Court against defendants Walgreen Co., Walgreen National Corporation, and Walgreen Pharmacy Services Midwest, LLC ("WPSM") (collectively, "Entity Defendants") and Leanne Salaiz ("Salaiz"), Tuong W. Le ("Le"), Marcus Ladare Smith ("Smith"), Jason Bonnell ("Bonnell"), and Eric Yang ("Yang") (collectively, "Individual Defendants"), and Does 1-10, inclusive. ("Complaint," Dkt. No. 3-1.) The Complaint alleges thirteen causes of action for: (1) discrimination in violation of California's Fair Employment Housing Act ("FEHA"); (2) hostile work environment and harassment in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to accommodate in violation of FEHA; (5) failure to engage in the interactive process in violation of FEHA; (6) failure to prevent discrimination, harassment, or retaliation in violation of FEHA; (7) negligent hiring, supervision, and retention; (8) wrongful termination; (9) whistleblower retaliation (California Labor Code Section 1102.5); (10) violation of California Labor Code Section 232.5; (11) intentional infliction of emotional distress ("IIED"); (12) assault; and (13) battery. (Id.)

On February 28, 2025, Entity Defendants and Smith (collectively, "Defendants") removed the action to this Court. ("Notice of Removal," Dkt. No. 1.)

On April 1, 2025, Plaintiff filed the Motion. In support of the Motion, Plaintiff filed the declaration of counsel Seoyoung Mia Ahn and attached exhibits. ("Ahn Decl.," Dkt. No. 13-1.) On April 15, 2025, Defendants opposed the Motion. ("Opposition," Dkt. No. 17.) In support of the Opposition, Defendants filed (1) the declaration of Jason Bonnell ("Bonnell Decl." Dkt. No. 17-1); (2) the declaration of Tuong Le ("Le Decl.," Dkt. No. 17-2); (3) the declaration of Leanne Salaiz ("Salaiz Decl." Dkt. No. 17-3); (4) the declaration of Marcus Ladare Smith ("Smith Decl.," Dkt. No. 17-4); and (5) the declaration of Eric Yang ("Yang Decl.," Dkt. No. 17-5). On June 6, 2025, Plaintiff replied. ("Reply," Dkt. No. 22.)

## II.    LEGAL STANDARD

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, federal courts have original jurisdiction only over civil actions in which a federal question exists or in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008).

The party seeking removal has the burden of establishing federal jurisdiction. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Because the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "Doubts as to removability must [therefore] be resolved in favor of remanding the case to state court." Matheson, 319 F.3d at 1090.

## III.    DISCUSSION

### A.    Remand

Plaintiff seeks to remand this case for lack of diversity jurisdiction. (Motion at 1.) Plaintiff argues that Defendants failed to demonstrate complete diversity because Plaintiff and all Individual Defendants are citizens of California and were not fraudulently joined. (Id.) Plaintiff also argues that Defendants failed to establish that the amount in controversy exceeds $75,000. (Id. at 2.)

#### 1.    Complete Diversity

In determining whether complete diversity exists, courts may disregard the citizenship of a fraudulently joined, non-diverse defendant. Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of

action against a resident defendant, and the failure is obvious according to the settled rules of the state." Id. (citations omitted). Fraudulent joinder is established if the individuals "joined in the action cannot be liable on any theory." Id. (citation omitted). However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Id. (emphasis in original) (citation omitted). In other words, joinder is only fraudulent if it is "obvious according to the settled rules of the state that [Plaintiff Hall] has failed to state a claim against [the Individual Defendants]." Hunter v. Philip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009).

Courts have found fraudulent joinder "where a defendant presents extraordinarily strong evidence or arguments that a plaintiff could not possibly prevail on its claims against the allegedly fraudulently joined defendant," including where "a plaintiff is barred by the statute of limitations from bringing claims against that defendant." Grancare, 889 F.3d at 548. By contrast, fraudulent joinder is not established where "a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal." Id. at 548–49 (citing Hunter, 582 F.3d at 1046). There is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden," Hunter, 582 F.3d at 1046, particularly since "[f]raudulent joinder must be proven by clear and convincing evidence," Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

It is important to note that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." Grancare, 889 F.3d at 549. Even "[i]f a defendant cannot withstand a Rule 12(b)(6) motion, the fraudulent inquiry does not end there." Id. at 550. Instead, the Court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." Id. "If the plaintiff could cure this deficiency by amending his or her complaint, then fraudulent joinder does not obtain." Broward v. Ericsson Inc., 2018 WL 3646445, at *6 (N.D. Cal. Aug. 1, 2018).

Plaintiff alleges Claim One for hostile work environment and harassment in violation of FEHA and Claim Eleven for IIED against all Individual Defendants (Salaiz, Le, Smith, Bonnell, and Yang). (Complaint ¶¶ 28-25; 89-93.) Plaintiff additionally alleges Claim Twelve for assault and Claim Thirteen for battery against Defendant Yang. (Id. ¶¶ 94-107.) Defendants argue that: "(1) the harassment claim fails because Plaintiff alleges no facts to establish any harassing conduct by the individual defendants based upon her alleged disability, let alone conduct that was severe or pervasive; (2) the IIED claim fails because the alleged conduct was not extreme or outrageous and her claim is preempted by the Workers' Compensation Act, and (3) the assault and battery claims against Yang are based upon Plaintiff's claim that she tripped over his legs when attempting to walk past him, which is wholly insufficient to impose legal liability." (Opposition at 7.)

The Court first turns to Plaintiff's harassment claim against Defendant Salaiz. To establish a claim for harassment under FEHA, "a plaintiff must demonstrate that: (1) she is a

member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013).

The Court's fraudulent joinder analysis does not ask whether Plaintiff will succeed on the merits of her claims or whether she would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Instead, the Court determines whether there is any possibility that Plaintiff can state a FEHA harassment claim against Salaiz. While Plaintiff has not pled her FEHA harassment claim in great detail, she has pled sufficient facts to raise at least the possibility that she will be able to state a claim to the satisfaction of the state court. See Grancare, 889 F.3d at 548. Plaintiff alleges that on March 2, 2023, she sustained a "sprained right ankle and a hurt lower back" after "tripp[ing] over" Yang's legs and falling to the ground. (Complaint ¶ 14(a).) On April 15, 2023, medical personnel removed her ankle brace and cleared her to return to work with restrictions, including "no kneeling, no bending, and no climbing." (Id. ¶ 14(c).) Plaintiff contends that her workers' compensation adjuster communicated these restrictions to Defendant Salaiz, who acknowledged the limitations and confirmed that accommodations could be made. (Id.) Plaintiff returned to work on April 17, 2023. (Id. ¶ 14(d).) She alleges that several coworkers, "including those who should not be privy to her situation," approached her and asked her about her medical condition. (Id.) Plaintiff asserts that these interactions made her uncomfortable and led her to believe that Salaiz had disclosed her confidential information. (Id.) She further alleges that Salaiz disregarded the communicated restrictions, prompting her to contact her workers' compensation adjuster the following day to report that the promised accommodations were not being implemented. (Id. ¶ 14(e).)

On the face of these allegations, it is at least possible that a state court could find that Plaintiff states a cause of action under FEHA against Salaiz, particularly since California courts apply lenient pleading standards. See Marina Pac. Hotel & Suites, LLC v. Fireman's Fund Ins. Co., 81 Cal. App. 5th 96, 104–05 (2022) (noting that California courts must assume the truth of all alleged facts regardless of their improbability); Golden v. Microsoft Corp., 727 F. Supp. 3d 867, 873 (N.D. Cal. 2024). The Complaint identifies Defendant Salaiz as Plaintiff's pharmacy manager, and the individual charged with coordinating her post-injury accommodations. (Complaint ¶ 14.) Plaintiff alleges that Salaiz not only failed to implement those workplace restrictions but breached her medical privacy by disclosing confidential information to other employees. (Id.) These facts, if true, create a possibility that Plaintiff was subjected to harassment from Defendant Salaiz because of Plaintiff's protected medical condition. Even if Plaintiff's allegations do not presently state a claim, "[s]ubstantial case law supports the proposition that if a plaintiff could amend a complaint to cure any deficiencies, the removing party's high burden of proving fraudulent joinder is not met." Brown v. Beazley USA Servs., Inc., 2025 WL 436716, at *4 (N.D. Cal. Feb. 7, 2025).

While it is true that an "employee generally cannot recover for harassment that is occasional, isolated, sporadic, or trivial" and instead must "show a concerted pattern of harassment of a repeated, routine, or a generalized nature," a "single incident of severe abuse can constitute a hostile work environment." Freitag v. Ayers, 468 F.3d 528, 540 (9th Cir. 2006);

Perata v. City & Cnty. of San Francisco, 2023 WL 4537695, at *11 (N.D. Cal. July 13, 2023) (citing Lyle v. Warner Bros. Television Prods., 38 Cal. 4th 264, 283–84 (2006)).  To determine whether conduct is so pervasive or severe as to create an "abusive work environment," courts analyze the "totality of the circumstances," including "the frequency of the discriminatory/harassing conduct; the severity of the conduct; whether the conduct was physically threatening, humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."  Ludovico v. Kaiser Permanente, 57 F. Supp. 3d 1176, 1194 (N.D. Cal. 2014).  Such analysis would be misplaced here.  In addressing claims of fraudulent joinder, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant," meaning that "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden."  Hunter, 582 F.3d at 1044.  "[T]he Court does not need to determine whether the alleged harassment was so severe as to create a hostile work environment.  "The fact that [Plaintiff Hall's] FEHA claim could proceed in state court is itself sufficient to overcome [Defendants'] claims of fraudulent joinder."  Xie v. Wal-Mart Assocs., Inc., 2025 WL 1135082, at *3 (N.D. Cal. Apr. 17, 2025).

Because Plaintiff Hall and Defendant Salaiz are both citizens of California and because Salaiz has not been fraudulently joined, there is no complete diversity, and the Court lacks diversity jurisdiction.  The Court need not address the viability of the claims against the other Individual Defendants or the amount in controversy, as one potentially viable claim against one Individual Defendant destroys this Court's subject matter jurisdiction.  The state court is the proper forum for Defendants' remaining arguments.  Accordingly, Plaintiff's Motion to remand is **GRANTED**.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to remand (Dkt. No. 13), and **REMANDS** the case to the San Bernardino County Superior Court.  The Clerk is directed to close the file.  The August 4, 2025 hearing is **VACATED**.

**IT IS SO ORDERED.**